Filed 12/16/20  P. v. Lindeman CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LUKE LINDEMAN,<br><br>    Defendant and Appellant. | A158944<br><br>(Napa County Sup. Ct. No. CR184609) |

Luke Lindeman (appellant) appeals from a judgment in which he was placed on three years of probation after a jury convicted him of two felony counts of resisting an executive officer (Pen. Code, § 69)[1] and one misdemeanor count of resisting or obstructing a peace officer (§ 148) and the trial court convicted him of two Vehicle Code infractions.  Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and requests that we conduct an independent review of the record.  Appellant was informed of his right to file a supplemental brief and did not do so.  Having reviewed the record, we conclude there are no issues that require further briefing and affirm the judgment.

---

[1]All further undesignated statutory references are to the Penal Code.

## FACTUAL AND PROCEDURAL BACKGROUND

An information filed December 4, 2017 charged appellant with two felony counts of resisting an executive officer (§ 69), one misdemeanor count of resisting or obstructing a peace officer (§ 148), and three Vehicle Code infractions. Appellant pleaded not guilty. The trial court denied appellant's various pre-trial motions including a motion to dismiss, a motion to compel discovery, and a motion to admit certain evidence at trial. The court also head and denied appellant's motion to represent himself (*People v. Marsden* (1970) 2 Cal.3d 118).

At the jury trial, Napa police officer Aaron Medina testified he was on traffic enforcement duty on September 7, 2017. At 6:30 or 7:00 p.m., he noticed a Ford diesel pickup truck emitting excessive exhaust, then noticed the truck had no rear license plate. He pulled the truck over and walked up to speak to the driver, later identified as appellant. Medina noticed there was a lot of "clutter" and "property" inside the truck. Medina was planning to give appellant a ticket and release him, but when he asked appellant for his driver's license, appellant responded, "maybe." As Medina continued to question appellant, appellant gave a lot of "non answers." At that point, Medina asked appellant to turn off his truck, but appellant refused to do so. Medina was not able to obtain any identification from appellant.

Appellant then called someone and made statements during the call that led Medina to believe he was preparing to flee. Medina told appellant he could not leave, gave him several warnings, and eventually told him he was under arrest for resisting and obstructing a peace officer. Medina called for assistance, and a number of officers including Sergeant Cole of the Napa County Sheriff's Department arrived to assist him. With Cole's help, Medina

2

got appellant out of his truck, placed him in handcuffs, and put him in a patrol car.

Around the same time that evening, Napa County Sheriff's deputy Michael Hudson was on his way to the scene of a burglary when he heard Medina's dispatch call asking for backup. Hudson continued onto the burglary scene, where he saw evidence of a forced entry and met with the victim, who reported her house had been burglarized and she believed appellant was the suspect. Hudson called Medina to let him know he believed Medina had just arrested a burglary suspect. Hudson named some items missing from the victim's home, including gardening tools and a gray iPad, and Medina confirmed those items were in the back of appellant's truck.[2]

Hudson then went to the location where Medina had appellant in custody and placed appellant in his own patrol car to interview him regarding the burglary. Later, Deputy Keith Walmsley of the Napa Sheriff's Department arrived to transport appellant to Napa jail. Walmsley opened the door to Hudson's patrol car and instructed appellant to get out of the car for jail transport. Appellant put his right foot out of the car and began arguing with Walmsley. After a failed attempt to have a conversation with appellant, Walmsley told appellant to put his foot back in the car. Appellant refused to do so, and instead hooked his toes under the car door and stiffened his body to thwart any effort to get him back in the car. A struggle ensued, with Walmsley and Hudson trying to get appellant back inside the car, during the course of which Walmsley dislocated his finger. Eventually, officers restrained appellant in a "wrap device" and transported him to jail.

---

[2]     Burglary charges against appellant were ultimately dismissed.

The prosecution presented evidence of a prior incident in which appellant was arrested. A little after midnight on June 9, 2014, Winters police officer Steven Moore stopped a white pickup truck with a broken taillight. The driver—appellant—jumped out of the truck in an agitated manner and faced Moore, which was unusual and caused Moore concern. Moore told appellant to get back in his truck, and appellant complied, but when Moore asked for appellant's driver's license and other information, appellant said Moore "didn't need it" and that he was a "crook, not a cop." Moore called for backup assistance; with the help of other officers, he placed defendant in the back of his patrol car. As Moore drove to the police department, appellant kicked at the rear window of the patrol car, causing damage the window track and frame. Moore requested aid from Davis police officers, who arrived and placed appellant in a wrap device, which allowed Moore to transport appellant to jail without further incident.

The jury found appellant guilty of two felony counts of resisting an executive officer (§ 69) and one misdemeanor count of resisting or obstructing a peace officer (§ 148). The trial court found appellant guilty of two of the three infractions, and dismissed the third. The court suspended imposition of sentence and placed appellant on probation for three years with various conditions, including 120 days in jail, stayed pending appeal. Appellant timely appealed.

## DISCUSSION

Appellate counsel has filed a brief pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436, and asks this court to independently review the entire record to determine if it contains any issues which would, if resolved favorably to defendant, result in reversal or modification. We have examined the entire record and have found no reasonably arguable appellate issue, and we are

4

satisfied that counsel has fully complied with her responsibilities. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende, supra,* 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.

_____
Petrou, J.

WE CONCUR:


_____
Siggins, P.J.


_____
Jackson, J.


_A158944/People v. Lindeman_